Case 15-26291-LMI    Doc 56    Filed 03/15/16    Page 1 of 3



**ORDERED in the Southern District of Florida on March 15, 2016.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN THE MATTER OF:                    CASE NO. 15-26291-LMI
FRANCISCA PEREZ                      CHAPTER 13

     Debtor,
_____/

**AGREED ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY COSTA DEL SOL ASSOCIATION, INC., D.E. # 28**

**THIS CAUSE** having come before the court upon the Debtor's, **FRANCISCA PEREZ'S**, Motion to Value and Determine Secured Status of Lien on Real Property held by Costa Del Sol Association, Inc. (D.E. # 28), having been advised the parties have reached an agreement this

court having considered the basis for the Motion, and being otherwise duly advised in the premises, it is ordered as follows:

A. The value of Debtors' real property (the "Real Property") located at 3621 Torremolinos Ave., Unit B-112, Doral, FL 33178, more particularly described as

**LEGAL DESCRIPTION: Condominium Parcel B, Building 112 of COSTA DEL SOL CONDOMINIUM T, according to the Declaration of Condominium thereof, as Recorded in Official Records Book 14302, at Page 443 of the Public Records of Miami-Dade County Florida, together with an undivided interest in the common elements appurtenant thereto and all amendments thereto as set forth in said declaration.**

is $325,000.00 at the time of filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of Costa Del Sol Association, Inc., (the "Association") is $346,703.00.

C. The equity remaining in the real property after payment of all claims secured by liens senior to the lien of Association is $0.00 and Association has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The motion is **GRANTED.**

2. Association has an allowed secured claim of $0.00.

3. Because Association's secured interest in the Real Property is $0, Association's Assessment Lien Rights prior to the filing of the Debtor's bankruptcy petition recorded on October 16, 2009 at Book 27051, Pages 0026-0027 (2 pages) AND the second recorded on October 22, 2014 at Book 29360, Pages 1994-1997 (4 pages), in the official records of Miami Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case.  If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Association's Assessment Lien Rights will no longer be

      considered void and shall be restored as a lien on the Real Property.

4. <u>Lender</u> has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

RICARDO CORONA, ESQ.
Florida Bar No. 111333
CORONA LAW FIRM
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.